STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-27

Kﬁ ⅃‑ℑ‑ℨ∂ℰℭ

DONALD BEAUCHENE,

Petitioner

v.

**DECISION ON APPEAL**

COMMISSIONER, MAINE
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Respondent

This matter comes before the court for review of final agency action and independent claims pursuant to M.R. Civ. P. 80C and the respondent's motion for independant appropriate relief pursuant to M.R. Civ. P. 80C(i).

## Factual and Procedural Background

Petitioner Beauchene is a 62 year-old man who has been confined to the Augusta Mental Health Institute (AMHI, now Riverview Psychiatric Hospital) for the past 35 years, when he was in Maine. Beauchene was found not criminally responsible on a charge of murder and sent to AMHI at age 26. Since that time, Beauchene has "eloped" from the hospital twice, most recently 27 years ago. On that occasion, while away from the hospital, Beauchene committed rapes in another state and served a 15-year sentence for those crimes. He was last admitted to the hospital in 1998, where he remains a patient to this day.

The petition before the court arises from an alleged incident in October 2004, when Beauchene was accused of sexually assaulting a female patient who is also confined to the Forensic Unit. A police investigation into the matter proved inconclusive, and the District Attorney declined to press charges. However, the

hospital, fearing that Beauchene would attempt to escape or become violent, placed him on administrative restriction, which limited him to his unit and, correspondingly, interrupted his previous abilities to have certain freedoms of movement on the hospital grounds and supervised movement off of those grounds.

The petitioner has taken the position that this change in his patient status constitutes a removal of privileges which violate his right to be treated in the least restrictive setting appropriate to his needs. As a result, the petitioner filed a grievance which went through the entire departmental review process and ultimately to the Commissioner of the Department of Health and Human Services, who upheld the decision of the hearing officer. It is this decision by the Commission which is being appealed by the petitioner pursuant to Rule 80C. The petitioner also alleges that proper grievance procedures were not followed, violating his due process rights. As independent claims, the petitioner asserts that his due process rights were violated, as were his federal statutory rights under 42 U.S.C. § 1983.

## Discussion

Running throughout the pleadings and written and oral arguments of the parties is a fundamental difference of opinion as to what happened to the petitioner in this case, in the sense of the action taken by the respondent, and the legal significance of those actions. From the petitioner's standpoint, he has had "privileges" taken away on the basis of flimsy evidence concerning a single incident. Moreover, the "privileges" are such that they are constitutionally protected property rights, of which he has been deprived without due process. On the other hand, from the respondent's position, the "privileges" represent merely security levels within the petitioner's overall status as one who has been committed to the hospital as a person not criminally responsible for the crime of murder as the result of his mental illness. From this standpoint, the

"privileges" are not constitutionally protected property rights but levels within the petitioner's treatment and security needs, and are determinations which must be made only after balancing the privileges against the rights of other patients, staff and the community to assurances of safety.

On this fundamental issue of characterization, the court agrees with the respondent that the treatment modalities and degree of independence and freedom allowed to the petitioner are privileges given within the context of his individual treatment and are not constitutionally protected property rights.

Petitioner finally argues that he has a constitutionally protected right to refuse treatment. This may be true, but in doing so the petitioner must be aware that his decision to exercise that right does not insulate him from security decisions which the institution must make for the safety of others based upon his refusal or reluctance to partake of treatment.

Since the court finds as a matter of law that the "privileges" of relaxed supervision and security which the respondent revoked do not reach the level of constitutional protection, the petitioner's section 1983 claim and due process argument fail. However, there remains the question of whether, based on the record as a whole, the respondent's decision was arbitrary or capricious or unsupported by substantial evidence in the record.

Taking these issues in reverse order, the record is replete with evidence to support the respondent's decision supporting reduction in petitioner's mobility and increase in his supervision. By history, the petitioner has been responsible for the death of another person and has committed rapes in another state for which he was found guilty and served 15 years incarceration. Moreover, the petitioner has eloped or escaped twice from Maine hospitals, one of these incidents preceding the rapes. The

record is crystal clear that the petitioner has been a violent person for whom the staff of the hospital must take particular care to ensure the safety of other patients, the staff itself and the community. Although the reports of sexual abuse which were the immediate cause of the respondent's action were inconclusive, when viewed in light of this history the care taken by the staff and the Commissioner is thoroughly supported.

With regard to whether the decision on the grievance in question was arbitrary or capricious, the court finds no evidence to support this argument. The petitioner received a full hearing and a full opportunity, with counsel, to present whatever evidence he wished. The hearing officer's findings were not exhaustive, but are not required to be. All the hearing officer must do is explain how he came to his decision, which were adequate. Omission of a certain report from the record does not make the decision an arbitrary one. The petitioner had equal opportunity to present the report at hearing, and the court agrees with the respondent that even if presented, the report was not inconsistent with the decision of the staff.

Based on the foregoing, the entry will be:

Decision of the respondent Commissioner is AFFIRMED.

Dated: March 28, 2006

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __4/26/05__ __Kennebec__ Docket No. __AP05-27__
County

Action __Petition for Review__
80C

Rick G. Winling, Esq.
80 Portland Street
Portland, Maine 04101

J. STUDSTRUP

__Donald J. Beauchene__ vs. __Commisssioner, John R. Nicholas__

Plaintiff's Attorney

~~Donald J. Beauchene, Pro Se~~
~~Riverview Psychiatric Center~~
~~41 State House Station~~
~~250 Arsenal Street~~
~~Augusta, Maine 04333-0011~~

Defendant's Attorney
Nancy Macirowski, AAG
~~Assistant Attorney AAG~~
State House Sta 6
Augusta Maine 04333

| Date of Entry | |
|---|---|
| 4/26/05 | Petition for Review of Final Agency Action, filed. s/Beauchene, Pro Se<br>Application of Plaintiff to Proceed Without Payment of Fees, filed. s/Beauchene, Pro Se<br>Indigency Affidavit, filed. s/Beauchene, Pro Se<br>Acceptance and Waiver of Service, filed. s/DAG |
| 4/28/05 | APPLICATION TO PROCEED WITHOUT FEES, MARDEN, J.<br>Copies mailed to atty of record and Pltf. |
| 5/10/05 | Entry of Appearance on Behalf of Respondent, filed. s/N. Macirowski, AAG |
| 5/26/05 | Motion to Extend Time to File Record, Request for Hearing and Proposed Order, filed. s/Macirowski, AAG. |
| 5/26/05 | ORDER, Marden, J.<br>Time for filing record extended to June 9, 2005.<br>Copies mailed to attys of record. |
| 6/9/05 | Certified Copy of Record, filed. s/Macirowski, AAG **(in vault of back shelf)** |
| 6/9/05 | Notice of briefing schedule mailed to atty and Pltf. |
| 6/22/05 | Entry of Appearance, filed. s/Winling, Esq.<br><br>Motion for the Taking of Additional Evidence, filed. s/Winling, Esq.<br>Proposed Order, filed. |
| 7/11/05 | Department of Health and Human Services' Opposition to Petitioner's Motion for Taking Additional Evidence, filed. s/N. Macirowski, AAG |
| 7/15/05 | Motion to Enlarge and Proposed Order, filed. s/Winling, Esq. |
| 7/21/05 | ORDER ON MOTION TO ENLARGE, Studstrup, J.<br>Time enlarged for additional 21 days to file brief.<br>Copies mailed to attys of record. |
| 8/9/05 | Petitioner's Brief filed. |